1

2

3

4

5

6    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
7    AT TACOMA

8    HANIF ABDULLAH MUJAHID,

9                          Plaintiff,

10        v.                                    No. C10-5916 BHS/KLS

11   KELLY J. CUNNINGHAM, MARK               ORDER RE: PLAINTIFF'S MOTION FOR
     DAVIS, DONALD GAUNTZ, RANDY             TEMPORARY RESTRAINING ORDER
12   PECHEOS, KRISTINA SPARKS,               AND PETITION FOR WRIT OF HABEAS
     CARISSA BONNEMA, JEREMY P.              CORPUS AD TESTIFICANDUM
13   DORFNER, LAN BITOW, and ALEC
     BRIAN,
14

15                          Defendants.

16        This civil rights action has been referred to United States Magistrate Judge Karen L.

17
     Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff Hanif Abdullah
18
     Mujahid is presently confined at the Special Commitment Center in Steilacoom, Washington.
19
     Under separate orders, Plaintiff has been granted leave to proceed *in forma pauperis* and the
20
     court has directed service of his complaint.  ECF Nos. 3 and 7.
21

22        At the time he filed his complaint, Plaintiff also filed proposed Motions for Temporary

23
     Restraining Order and Petition for Writ of Habeas Corpus Ad Testificandum.  ECF Nos. 5 and 6.
24
     Plaintiff requests a court order restraining several of the defendants from handling his mail
25
     during the pendency of this suit.  ECF No. 5.  Plaintiff also requests that the court issue a writ of
26

     ORDER - 1

habeas corpus requiring the Washington State Attorney General's Office or U.S. Marshal to bring Plaintiff before this court for a hearing on his motion for temporary injunction. ECF No. 6.

Plaintiff is not entitled to preliminary injunctive relief until such time as the defendants he seeks to restrain have been served with the summons and complaint. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). At this juncture, therefore, Plaintiff's requests for injunctive relief are premature.

In addition, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

> 1)       it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and
>
> 2)       the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Plaintiff is advised that if he seeks relief from the court, he must set forth his requests in a pleading or motion and that he must serve copies of all pleadings and motions on all Defendants through their counsel of record pursuant to Fed.R.Civ.P. 5(b)(1). Pursuant to Fed.R.Civ.P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document.

Plaintiff is also advised that unless otherwise ordered by the court, all motions will be decided by the court without oral argument and parties are not to appear on the date the motion is noted unless directed by the court. CR 7(b)(4).

ORDER - 2

Accordingly, the Court **ORDERS:**

1) The Clerk shall **strike** Plaintiff's motion for a temporary restraining order and petition for writ of habeas corpus ad testificandum (ECF Nos. 5 and 6) from the court's docket. Plaintiff may re-file his motion for temporary restraining order after Defendants have been properly served with the complaint and have appeared in this action, by filing a notice and serving it on the Defendants or their counsel. The motion may be scheduled on the court's calendar for the third Friday after filing and service of the motion.

2) The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  6th  day of January, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3