UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDULLAH MUJAHID,

    Plaintiff,

v.

KELLY J. CUNNINGHAM, MARK DAVIS, DONALD GAUNTZ, RANDY PECHEOS, KRISTINA SPARKS, CARISSA BONNEMA, JEREMY P. DORFNER, LAN BITOW, and ALEC BRIAN,

    Defendants.

Case No. C10-5916BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 32), and Plaintiff's ("Mujahid") objections to the R&R (Dkt. 33).

## I. PROCEDURAL HISTORY

On March 23, 2011, Magistrate Judge Strombom issued an R&R in this matter. Dkt. 32. On April 4, 2011, Mujahid filed his objections to the R&R. Dkt. 33. On April 6, 2011, Defendants responded in opposition to Mujahid's objections. Dkt. 34. Mujahid did not reply.

## II. FACTUAL BACKGROUND

The magistrate judge set out the facts in Mujahid's complaint as follows:

> Mr. Mujahid alleges that on February 18, 2010, SCC mailroom staff returned a package addressed to him from an Islamic Mosque in Chino, California because the package had "no prior approval" pursuant to SCC Policy 208, and that this was done even though packages with obvious religious addresses received in prior years had been funneled through the

ORDER – 1

Chaplain's office for authorization. He alleges further that mailroom staff placed various unidentified pieces of mail, catalogues, books and magazines addressed to him in the trash and returned and rejected other unidentified items of mail to retaliate against him because he had legally changed his name and was using both names in his mail. Mr. Mujahid claims that he was placed on complete mailroom restriction in May 2010, at which time all incoming mail was directed to Alder West (his living unit) and his outgoing mail was sealed by mailroom staff before it was taken to the mailroom. Mr. Mujahid states that several Islamic religious publications were mailed to him in March and May 2010, but he never received the publications and was never notified by SCC mail staff that his publications were rejected. Mr. Mujahid also alleges that SCC's "Approved Clinical Director's List and SCC Policy 208 place higher restrictions on his religion by requiring that "periodicals" must be included in the Director's List.

In addition, Mr. Mujahid claims that mailroom staff failed to pick up his "time barred" legal mail, that mailroom staff unsealed an envelope addressed to his attorney and marked as legal mail, and refused to send out legal mail addressed to the Attorney General's Office.

Mr. Mujahid claims that Defendants have relied on SCC Policy 202 (Resident Postage, Packages, Mail & Internal Distribution) and Policy 208 (Sexually Explicit, Violent and Related Material) 1 even though such policies are unconstitutional and that Defendants' conduct constitutes violations of his due process rights, First Amendment rights of association and freedom of association, and Fourteenth Amendment right of equal protection. He also claims that Defendants have violated his right to equal protection because they are not providing him with individualized treatment as required by RCW 71.09. Mr. Mujahid seeks compensatory and punitive damages.

Dkt. 32 at 2-3 (citations omitted)

Based on these allegations, Mujahid moved the Court to impose a Temporary Restraining Order ("TRO") and/or preliminary injunction. *See, e.g.*, Dkt. 22. In reviewing this matter, Magistrate Judge Strombom recommends that this Court deny the motion for TRO and preliminary injunction because Mujahid cannot meet his burden for obtaining such relief. Dkt. 32 at 4-15.

## III. DISCUSSION

To obtain preliminary injunctive relief, the moving party must establish each of the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008).

ORDER – 2

Although, Mujahid addresses each of these factors in his objections to the R&R, his assertions and claims are either without competent factual support or adequate legal support or both. In contrast, the magistrate judge has correctly analyzed the issues, and this Court agrees that Mujahid cannot meet his burden for obtaining injunctive relief based on the facts in the current record and the law that applies to his allegations.

## IV. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) Mujahid's motion for TRO and preliminary injunction is **DENIED**.

DATED this 12th day of May, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3