UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANIF ABDULLAH MUJAHID,

    Plaintiff,

v.

KELLY J. CUNNINGHAM, MARK DAVIS, DONALD GAUNTZ, RANDY PECHEOS, KRISTINA SPARKS, CARISSA BONNEMA, JEREMY P. DORFNER, LAN BITOW, and ALEC BRIAN,

    Defendants.

CASE NO. C10-5916BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Hanif Abdullah Mujahid's ("Mujahid") motion for reconsideration. Dkt. 37. The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On May 12, 2011, the Court denied Mujahid's motion for a temporary restraining order and preliminary injunction. Dkt. 35. On May 19, 2011, Mujahid filed a motion for reconsideration. Dkt. 37.[1] For a more complete factual background see the Court's order

---

[1] While the Defendants have filed a response, the Court did not request a response, and pursuant to CR 7(h)(3), will not consider the response. W.D. Wash. Local Rule CR 7(h)(3) ("No response to a motion for reconsideration shall be filed unless requested by the court.")

ORDER - 1

adopting the Report and Recommendation ("R&R"). Dkt. 35. Also, Mujahid enumerates new factual allegations in his motion for reconsideration that were not present in his previous motion. Dkt. 35 at 2-6.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

Here, Mujahid makes no assertions about any new legal authority or error, but he does maintain that reconsideration is warranted by a showing of new facts. Dkt. 37. Mujahid offers no explanation as to why these facts were not presented to the Court earlier. *Id.*

Although the Court does not ordinarily consider facts that could have been reasonably brought to its attention earlier with reasonable diligence, here, the Court notes that even if all of Mujahid's newly enumerated facts are taken as true, Mujahid still fails to show a manifest error of law or fact or any resulting injustice. Rather than justify reconsideration, the new allegations appear simply to animate Mujahid's complaint.

As discussed in the Court's prior order, to obtain preliminary injunctive relief, the moving party must establish each of the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 374 (2008). None of the newly alleged facts change the Court's conclusion that Mujahid cannot meet this burden. *See* Dkt. 37 at 2-6.

Therefore, because Mujahid has not adequately met his burden under CR 7(h)(1), the Court denies Mujahid's motion for reconsideration.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Mujahid's motion for reconsideration (Dkt. 37) is **DENIED.**

DATED this 2nd day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3