UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDULLAH MUJAHID,

           Plaintiff,

  v.

KELLY J. CUNNINGHAM, MARK DAVIS, DONALD GAUNTZ, RANDY PECHEOS, KRISTINA SPARKS, CARISSA BONNEMA, JEREMY P. DORFNER, LAN BITOW, and ALEC BRIAN,

           Defendants.

No. C10-5916 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 46. Having reviewed the motion, Defendants' opposition (ECF No. 52), and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

Mr. Mujahid filed this civil rights complaint on December 14, 2010 against the nine defendants named above, claiming violations of due process, First Amendment rights of association and freedom of association, and Fourteenth Amendment right of equal protection. He seeks $290,000.00 in compensatory and punitive damages. ECF No. 4. Mr. Mujahid alleges that SCC mailroom staff returned mail addressed to him because the mail was not pre-approved, placed other items addressed to him in the trash, mishandled his legal mail, placed him on mailroom restrictions, and retaliated against him because he legally changed his name and he used both names in his mail. *Id.*, pp. 5-6.

ORDER DENYING MOTION TO AMEND - 1

Mr. Mujahid claims that SCC Policy 202 (Resident Postage, Packages, Mail & Internal Distribution) and Policy 208 (Sexually Explicit, Violent and Related Material) [1] are unconstitutional. He also alleges that SCC's "Approved Clinical Director's List" and SCC Policy 208 place higher restrictions on his religion by requiring that "periodicals" must be included in the Director's List. *Id.*, p. 7.

Defendants filed their motion for summary judgment on June 16, 2011. ECF No. 43. On June 29, 2011, Mr. Mujahid filed this motion for leave to file an amended complaint (ECF No. 46), a proposed First Amended Complaint (ECF No. 46-1), and a Motion for a Stay on Defendant's (sic) Motion for Summary Judgment (ECF No. 47). He filed his response to Defendants' summary judgment motion on July 5, 2011. ECF No. 49. Under separate Order, Plaintiff's motion for a stay has been denied.

**DISCUSSION**

Rule 15 of the Federal Rules of Civil Procedure provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether justice requires granting leave to amend, courts are to consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc*, 885 F.2d 531, 538 (9th Cir. 1989). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*,

---

[1] Copies of Policy 202 (Resident Postage, Packages, Mail & Internal Distribution) and Policy 208 (Sexually Explicit, Violent and Related Material) are attached to the Declaration of Cathi D. Harris. ECF No. 28, Attachs. B and C, respectively.

ORDER DENYING MOTION TO AMEND - 2

668 F.2d 1014, 1053 n.68 (9th Cir. 1982).

"Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). *See also Equal Employment Opportunity Comm'n v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.), *cert. denied*, 109 S. Ct. 222 (1988) (court denied party right to amend complaint where party had had knowledge of allegations that it sought to include since before the filing of the suit). The *Acri* Court determined that plaintiffs' motion to amend was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice defendants because of the necessity for further discovery. *Acri*, 781 F.2d at 1398-99.

Mr. Mujahid filed his motion for leave to file an amended complaint after Defendants filed their motion for summary judgment. He raises no new claims in his proposed amended complaint. His central complaint is that SCC's mail policies are unconstitutional. ECF No. 46-1, p. 1 ("Throughout this period and through discovery, it became clear that what is being directly challenged was SCC Policy 208 and which has also created the "Clinical Director's Pre-Approved Magazine List"). Mr. Mujahid's claim that SCC's policies concerning handling and scanning of mail are unconstitutional remains a central theme, one which was raised in his original complaint and has been raised in each subsequent pleading, including three motions for injunctive relief rejected by this Court.

The major distinctions between the original complaint and Mr. Mujahid's proposed amended complaint are changes to the named defendants and damages sought. In his proposed amended complaint, Mr. Mujahid names as defendants only Kelly Cunningham, Superintendent

ORDER DENYING MOTION TO AMEND - 3

of the SCC, and Residential Rehabilitation Counselor (RRC) Kristina Sparks. ECF No. 46-1. The remaining seven defendants are no longer included. He no longer seeks compensatory and punitive damages, but asks for a declaratory judgment that SCC's Policy 208(7) and (8) and the Clinical Director's Pre-Approved Magazine List are unconstitutional. *Id.*

Defendants argue that Mr. Mujahid should not be allowed to amend his complaint at this stage of the litigation because the amendment will unfairly prejudice the seven defendants that Mr. Mujahid proposes to drop from this litigation. The Court agrees. The original defendants have litigated this case for eight months. They have defended three motions for injunctive relief and have filed a motion for summary judgment, in which they seek dismissal with prejudice. Without the finality of such a judgment, their efforts to date will have been for naught and the claims that they have litigated will abate only until such time as Mr. Mujahid decides to re-allege and re-litigate them.

Defendants' motion for summary judgment addresses Mr. Mujahid's allegations that SCC's mail policies are unconstitutional. The legal bases supporting Defendants' motion also apply to the proposed amended claim. Thus, amendment is not necessary. Further, this Court has repeatedly ruled that the SCC's mail screening policies do not violate the Constitution. *See Spicer v. Richards*, C07-5109 FDB/KLS at ECF No. 48 (rejecting plaintiff's assertion that SCC Policy 208 is not rationally related to SCC's legitimate interest in maintaining a therapeutic treatment environment); *Stewart v. Richards*, C08-5275 RJB/KLS at ECF No. 24 and Order at ECF No. 27 (dismissing on summary judgment claim that SCC's mail screening process violates the First Amendment); *Dudgeon v. Cunningham*, C10-5372 RBL/KLS at ECF No. 19 and Order at ECF No. 21 (denying preliminary injunction regarding screening incoming mail, interlocutory appeal denied, Ninth Circuit Cause No. 10-36109).

ORDER DENYING MOTION TO AMEND - 4

An amendment at this stage in the case is not necessary and will only cause unnecessary and prejudice to the present Defendants.  Mr. Mujahid's claims against all nine original defendants should be decided on the merits.

It is, therefore, **ORDERED:**

(1) Plaintiff's Motion to Amend (ECF No. 46) is **DENIED.**

(2) The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

**DATED** this 19th day of July, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND - 5