UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANIF ABDULLAH MUJAHID,

    Plaintiff,

v.

KELLY J. CUNNINGHAM, et al.,

    Defendants.

CASE NO. C10-5916BHS

ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 78), Defendants' objections to the R&R (Dkt. 79), and Plaintiff's objections to the R&R (Dkt. 80).

**I. PROCEDURAL AND FACTUAL HISTORY**

This is a civil rights case brought out of Plaintiff Hanif Abdullah Mujahid's ("Mujahid") concerns regarding his receipt of mail and publications, and the policies regulating such receipt, while residing at the Special Commitment Center ("SCC"), a facility for persons committed or detained as sexually violent predators under RCW § 71.09.

On November 8, 2011, the magistrate judge issued an R&R granting in part and denying in part Defendants' motion for summary judgment. Dkt. 78. On November 22, 2011, Defendants filed objections to the R&R (Dkt. 79) and on November 25, 2011, Mujahid also filed objections (Dkt. 80).

Because the recitation of facts contained in the R&R are largely undisputed, the Court adopts the fact section of the R&R unless otherwise noted (Dkt. 78 at 3-10).

## II. DISCUSSION

As an initial matter, the Court notes that neither party specifically[1] objects to the magistrate judge's findings in the R&R that (1) Defendants, as state employees working for the SCC, are immune from suit in their official capacity under the Eleventh Amendment; and (2) that Mujahid has failed to submit sufficient evidence to defeat Defendants' motion for summary judgment on his access to courts claim. Accordingly, the Court adopts the R&R with respect to these issues, and Mujahid's access to courts claim, as well as his claims against Defendants in their official capacities, must be dismissed.

**A.    Standard of Review**

The Federal Rules of Civil procedure provide that, once a timely objection has been made to a magistrate judge's R&R:

---

[1] Although Mujahid states in his objections that he "objects to any dismissal" this is a non-specific objection and need not be considered by the Court. *See Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991) (stating that a general objection to the entirety of a magistrate's report, without specifying a single issue of contention, "has the same effects as would a failure to object" and need not be considered by the court).

> [T]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions.

Fed. R. Civ. P. 72(b).

**B.      Mujahid's Right to Receive Certain Mail**

First, Defendants object to the R&R based on the magistrate judge's findings that Mujahid did not appear to challenge the portions of the SCC mail policies dealing with its right to restrict access to certain materials. Dkt. 79 at 1-5. Defendants maintain that they interpret Mujahid's complaint and pleadings "to state that he is in fact specifically challenging the SCC policies regarding restricting access to certain items received through the mail," and, as their motion for summary judgment addresses, ask that the claims be dismissed. *Id*.

In Mujahid's objections, he states that he is not challenging the right of the SCC to disallow "'sexually explicit, violent and related material' nor any other type of publication that is in opposition to 'treatment.'" Dkt. 80 at 1. Rather, Mujahid maintains that the Clinical Director's Pre-Approved Magazine List ("CDPAML") restricts and limits only publications to SCC's list and violates freedom of the press." *Id*. The Court notes that Mujahid does not specifically allege a freedom of the press claim in his complaint; however, Mujahid does allege a general First Amendment claim regarding his right to receive certain mail and the Court will consider this issue de novo as both parties objected to the R&R on this issue.

The two policies that Mujahid challenges in his complaint are SCC Policy 202—Resident Postage, Packages, Mail & Internal Distribution (Dkt. 28, Ex. B) and SCC Policy 208—Sexually Explicit, Violent and Related Material (Dkt. 28, Ex. C). *See* Dkt. 78 at 6-9 (R&R giving further details regarding these policies). In Mujahid's objections to the R&R, he states that the SCC violates his rights by establishing the CDPAML rather than using an "SCC Approved Publication List," because such practice "restricts, censors, and limits any and all publications." Dkt. 80 at 1. Defendants maintain that SCC Policies 202 and 208, including the use of the CDPAML, do not violate Mujahid's constitutional rights because the policies are an exercise of SCC officials' professional judgment regarding what incoming media they will allow the SCC residents to view. Dkt. 79 at 3. Defendants point out that the courts have already concluded multiple times that the SCC's mail policies, and specifically SCC Policy 208, are rationally related to the SCC's legitimate interest in maintaining a therapeutic environment. *Id*. (citing *Spicer v. Richards*, C07-5109FDB/KLS at Dkt. 48; *Stewart v. Richards*, C08-5275RJB/KLS at Dkts. 24 & 27.)

In the United States Supreme Court case of *Turner v. Safley*, 482 U.S. 78 (1987), the court held that prison regulations which implicate an inmate's constitutional rights will be considered valid as long as they are reasonably related to legitimate penological interests. *Id*. at 89.

Although it is somewhat unclear whether Mujahid is simply challenging the policies as violating the First Amendment, or making an additional allegation that he, as a resident not receiving treatment, is being treated differently regarding the mail policies

than someone who is receiving treatment, the result is the same. Under both scenarios, the Court concludes that SCC Policies 202 and 208 do not violate Mujahid's constitutional rights because the SCC has a legitimate interest in regulating what media its residents are allowed to view. As Judge Strombom found in an earlier case involving SCC mail policies, the Court concludes that the state's interest in providing a proper treatment, and treatment environment, to sexually violent predators outweighs Mujahid's interest in viewing materials which the SCC staff deems counter-therapeutic or otherwise harmful to the public, SCC residents, and staff. *See Spicer*, C07-5109FDB/KLS at Dkt. 48; *Stewart*, C08-5275RJB/KLS at Dkts. 24 & 27. In addition, the Court concludes that a resident's status, as one participating or not participating in treatment, is a legitimate factor for the SCC to use in considering what media to allow the resident to view. As the Supreme Court has stated, the burden "is not on the State to prove the validity of prison regulations but on the prisoner to disprove it." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Here, Mujahid has failed to do so and Defendant's motion for summary judgment on his claims regarding the SCC mail policies is granted.

**C.    Mujahid's Due Process Claims**

Next, Defendants object to the magistrate judge's finding that their motion for summary judgment did not address Mujahid's claim that "his due process rights were violated when SCC Defendants failed to provide him with notice after rejecting and/or before trashing mail sent to him" (Dkt. 78 at 14). *See* Dkt. 79 at 5-6. Defendants maintain that their motion did address this issue and that the Court should grant the motion based on Mujahid's failure to present evidence to support his claim. *Id*.

Although the Court could read Defendants' motion as addressing the issue regarding Mujahid's assertions that his mail was thrown in the trash, the Court concludes that Defendants' motion is not entirely clear, especially with respect to the notice, or lack thereof, given to Mujahid. *See* Dkt. 43 at 10-12. Therefore, the Court concludes that the R&R should be adopted on this claim and Defendants' motion, to the extent it addressed Mujahid's due process claim, is denied.

**D.     Qualified Immunity**

Finally, Defendants object to the magistrate judge's finding regarding qualified immunity and maintain that Defendants are entitled to such immunity on Mujahid's free exercise of religion and freedom of association claims because he failed to demonstrate that any of the Defendants personally participated in violating these rights. Dkt. 79 at 7-8. Under the doctrine of qualified immunity, liability under § 1983 must be based on a defendant's personal participation in the violation the plaintiff's constitutional right. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Having reviewed the record in this case, the Court concludes that Defendants' motion on Mujahid's claims for free exercise of religion and freedom of association should be granted based on Mujahid's failure to show personal participation on the part of any of the named Defendants. Although Mujahid asserts that several religious publications, books, and magazines were trashed and/or were rejected, Mujahid only refers to "unidentified SCC mailroom staff" and fails to provide any evidence to support that one of the named defendants personally participated in these acts. *See* Dkts. 1, 49, & 80. Accordingly, because Mujahid is attempting to hold Defendants liable in their

personal capacities and because he fails to show their personal participation in these alleged acts, his claims for free exercise of religion and freedom of association must be dismissed based on qualified immunity.

## III. ORDER

Therefore, the Court hereby:

(1) **ADOPTS** in part and **DECLINES to ADOPT in part** the R&R (Dkt. 78) as discussed herein;

(2) **ORDERS** that Mujahid's claims are **DISMISSED** with the exception of his claim for violation of his due process rights.

Dated this 16th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge